UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION ) | |
| LABORERS WELFARE FUND, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:05CV2353 RWS |
| ) | |
| MATRIX TECHNICAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiff's motion for default order of accounting [#8]. The motion will be granted.

Plaintiffs bring this action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185, and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132, seeking a default order of accounting and, thereafter, a judgment for delinquent contributions and other amounts defendants owe to the Construction Laborers Pension, Welfare and Training Funds.

Defendant was served with process on January 11, 2006. Defendant has failed to appear or otherwise defend as provided by the Federal Rules of Civil Procedure, and the Clerk entered default under Rule 55(a) on May 4, 2006.

Plaintiffs have established that Matrix Technical Services, Inc., is bound by a collective bargaining agreement with Laborers Locals 42-53-110 effective from the date it was signed (February 13, 2003). This collective bargaining agreement requires defendant to pay contributions to the Laborers Funds and to file monthly contribution report forms. Plaintiffs have

further established that Defendant is delinquent in the submission of reports and contributions.

Plaintiffs seek an order compelling defendants to submit to an audit. An audit from the period of February 13, 2003 to date, is necessary to determine the amounts owed by Defendant. The collective bargaining agreement to which defendant is bound authorizes plaintiffs to conduct an audit. Rule 55(b)(2) of the Federal Rules of Civil Procedure states:

> If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper. . . .

As a result, Plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default order of accounting [#8] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall submit to an audit for the period of February 13 to date **no later than thirty (30) days from the date of this Order**.


Dated this 5th day of May, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE