UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:05CV2353 RWS |
| MATRIX TECHNICAL SERVICES, INC., a Missouri Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Fringe benefit funds affiliated with Plaintiffs Greater St. Louis Construction Laborers Welfare Fund brought this action before me seeking the collection of delinquent contributions pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Because Defendant Matrix Technical Services, Inc. has not responded to the summons and complaint, Plaintiffs are entitled to a default judgment in the amount of $104,033.10.

*Background*

Defendant Matrix Technical Services, Inc. ("Matrix") has been a party to a collective bargaining agreement with the Greater St. Louis Construction Laborers Locals 42-53-100 ("Laborers") since February 13, 2003. This agreement requires Matrix to submit monthly reports and remit contributions to the Laborers' Funds. Matrix is delinquent in the submission of reports and contributions for the period of February 13, 2003 through September 30, 2005. The total amount of contributions owed for this period is $73,410.46.

In addition, Matrix is liable for liquidated damages and interest. The collective bargaining agreement required the payment of 20% liquidated damages on delinquent contributions, as well as interest. Pursuant to this provision, Matrix now owes liquidated damages of $14,718.45, and interest of $11,785.09.

Matrix is also liable for attorneys' fees and payroll examination costs. The collective bargaining agreement required the payment of attorneys' fees and payroll examination costs. Pursuant to this provision, Matrix now owes $2,913.50 in attorneys' fees, $355.60 in court costs and fees, and $850.00 in payroll examination fees.

The present lawsuit was filed on December 19, 2005. A return of summons indicates that Matrix was served with the summons and complaint on January 11, 2006. Matrix never filed an answer or other responsive pleading. On May 4, 2006, the Clerk of Court filed an Entry of Default. Pending before me is Plaintiff Greater St. Louis Construction Laborers Welfare Fund's motion for default judgment.

*Analysis and Calculation*

The relief sought in this matter is the payment of certain fringe benefit contributions which are covered under ERISA, 29 U.S.C. § 1132. Section 1132(g)(2) mandates the award of the relief requested by the Laborers. The statute provides as follows:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>    (A) the unpaid contributions
>    (B) interest on the unpaid contributions
>    (C) an amount equal to the greater of -
>       (i) interest on the unpaid contributions, or
>       (ii) liquidated damages provided for under the plan in an amount not in

> > excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if non, the rate prescribed under section 6621 of Title 26.

These provisions are mandatory. See, e.g., Operating Engineers Pension Fund. v. Beck Engineering & Surveying Co., 746 F.2d 557 (9th Cir. 1984). Pursuant to 29 U.S.C. §1132(g)(2)(A), the Laborers are entitled to a judgment of $73,410.46 for delinquent contributions. Pursuant to U.S.C. §1132(g)(2)(C) and the parties' collective bargaining agreement, the Laborers are entitled to an award of 20% liquidated damages and interest on contributions owed under that agreement. These amounts total $14,718.45 in liquidated damages and $11,785.09 in interest. Pursuant to the collective bargaining agreement, the Laborers are entitled to payroll examination fees. This amount totals $850.00 in payroll examination fees. Finally, ERISA at U.S.C. §1132(g)(2)(D) requires delinquent employers to pay the Funds' attorneys' fees and court costs. The Laborers have incurred $2,913.50 in attorneys' fees and $355.60 in court costs.

Thus, Plaintiffs are entitled to a total judgment of $104,033.10.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion for Default Judgment [#28] is **GRANTED**.

A separate judgment will be entered in this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of April, 2007.